**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) WESLEY ECHOLS, surviving spouse of SHONA ECHOLS, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-CV-369-GKF-FHM |
| 2) OMNI MEDICAL GROUP, INC., 3) BAYER CORPORATION, an Indiana corporation; 4) BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation; 5) BAYER HEALTHCARE, LLC, a Delaware corporation; and 6) BERLEX LABORATORIES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the court on plaintiff's Motion to Remand (Dkt. #23) and defendants' Motion for Leave to File Supplemental Brief in Opposition to Plaintiff's Motion to Remand. (Dkt. #29). The court denies the request to file a supplemental brief because additional briefing is unnecessary, and concludes that defendant OMNI Medical Group ("OMNI") should not be severed to perfect diversity jurisdiction. Because OMNI remains part of the suit, there is not complete diversity between the parties, and the case must be remanded.

**I. BACKGROUND**

Plaintiff Wesley Echols ("Echols"), surviving spouse of Shona Echols, brought this case on June 8, 2009, in the District Court of Rogers County, State of Oklahoma. The state court petition

only asserted a claim for medical malpractice against OMNI.  Seven months later, in the midst of

discovery, Echols amended his petition to assert claims against Bayer Corporation, Bayer Healthcare

Pharmaceuticals, Inc., Bayer Healthcare, LLC, and Berlex Laboratories International, Inc.,

(collectively, "Bayer").  The claims against Bayer allege products liability for Yasmin, a birth

control pill Shona Echols was taking prior her death.

## II.  SEVERABILITY OF CLAIMS

Bayer asks the court to sever the claims against OMNI to perfect the court's diversity

jurisdiction.  Federal Rule of Civil Procedure 21 grants authority for a court to add or drop a party,

or to sever any claim against a party.  This authority is not unlimited, however.  The Tenth Circuit

"has interpreted Rule 21 to mean, '[p]arties of course may be dropped in order to achieve the

requisite diversity of citizenship if their presence is not essential to a just and meaningful

adjudication.'" *Jett v. Phillips & Assoc.*, 439 F.2d 987, 989-90 (10th Cir. 1971) (citing *Oppenheim*

*v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966)).  Furthermore, the "court's power to dismiss parties

is circumscribed insofar as under Rule 19(b) the court cannot proceed without an indispensable

party." *Id.* at 990.  The Tenth Circuit held that a district court may sever a dispensable party, but has

not provided a test for when a dispensable party ought to be severed. *See Jett*, 439 F.2d at 989-90.

Rule 21 grants the power to sever, but leaves discretion over when to exercise that power to the

district court. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 652 (4th Cir. 2006); *17th Street Assoc.,*

*LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F.Supp. 2d 584, 598 (E.D. Va. 2005) (finding that a district

court has "virtually unfettered discretion" under Rule 21).  The Supreme Court has stated that Rule

21 "authority should be exercised sparingly" and that the court should "carefully consider whether

the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989).  Rule 21 severance of claims is also limited by the language of Fed. R. Civ. P. 82: "[t]hese rules do not extend or limit the jurisdiction of the district courts."

In cases where a plaintiff brings claims against a nondiverse health care provider for malpractice, and also against a diverse medical company for products liability, courts have often disagreed on whether severance of the nondiverse defendant is appropriate.  The Tenth Circuit appears to have left the door open to case-by-case determinations as to whether severance or remand is proper. *See Varley v. Tampax, Inc.*, 855 F.2d 696, 700 (10th Cir. 1988).  In *Varley*, the circuit court stated in dicta that, in such a case, "the district court could have dismissed the action 'in its entirety' for lack of jurisdiction . . ." *Id.*[1]  District court authority from around the country is split on this issue.

Several district courts have found that remand or dismissal without prejudice to send the entire case back to state court is preferred when dealing with medical malpractice and products

---

[1]*Varley* involved both nondiverse health care defendants and a diverse medical device manufacturer defendant.  The district court granted the diverse defendant's motion for summary judgment for lack of proximate cause of defect, but in the same order also dismissed the entire case without prejudice for lack of diversity jurisdiction, including the claims against the diverse defendant.  The Tenth Circuit found that the district court abused its discretion by dismissing without prejudice the entire case *after* it had already granted the device manufacturer's motion for summary judgment.  855 F.2d at 700 (emphasis added).  It found that, given the grant of summary judgment in favor of the diverse defendant, the district court should have severed and dismissed the nondiverse health care defendants only.  *Id.*   It added, however, it would also have been appropriate for the district court to have dismissed the entire case for lack of complete diversity had it done so prior to granting the motion for summary judgment.  *Id.*

liability claims that include nondiverse defendants.[2] *Robinson v. Swedish Health Serv., et al.*, 2010 WL 816818 (W.D. Wash. Mar. 5, 2010); *Ash v. Providence Hospital, et al.*, 2009 WL 424586 (S.D. Ala. Feb. 17, 2009); *Perry v. Norwest Fin. Ala., Inc.*, 1998 WL 964987 (S.D. Ala. Dec. 9, 1998). When the *Ash* court ordered remand it relied upon the Supreme Court's warning that Rule 21 should be used "sparingly" to create diversity jurisdiction, and that the district court must carefully consider prejudice to the parties. *See Ash*, 2009 WL 424586 (citing *Newman-Green*,490 U.S. at 838). The *Ash* court also reasoned that the potential prejudice to a plaintiff forced to pursue his lawsuit in two different courts, and who faces the risk of inconsistent or conflicting judgments, favors remand of the entire case. *Ash*, 2009 WL 424586; *See also Robinson*,  2010 WL 816818.

Some district courts, including the Northern District of Ohio, have elected to sever the claims of nondiverse health care defendants from products liability claims against diverse manufacturer defendants. *See, e.g., DiGidio v. Centocor, Inc.*, 2009 WL 1867676 (N.D. Ohio June 29, 2009); *Lucas v. Springhill Hospitals, Inc.*, 2009 WL 1652155 (N.D. Ohio June 11, 2009); *Joseph v. Baxter Int'l Inc., et al.*, 614 F. Supp. 2d 868 (N.D. Ohio May 27, 2009). The Eastern District of Virginia recently joined this1  line of authority in a case involving facts substantially similar facts to the case at bar, holding that the claims against a nondiverse health care provider should be severed and remanded. *Cooke-Bates v. Bayer Corp., et al.*, No. 3:10-CV-261, Dkt. #28 (E.D. Va. Oct. 8, 2010).[3] The courts in these cases reason that the nondiverse health care defendants are not necessary or

---

[2]Many of the cases cited by the parties involve alleged misjoinder or fraudulent joinder.  Bayer does not allege misjoinder or fraudulent joinder in this case, thus these issues need not be addressed.

[3] Bayer moves for leave to file a supplemental brief regarding the recently-issued opinion in *Cooke-Bates*.  The court has examined the *Cooke-Bates* opinion and concludes that supplemental briefing by the parties is unnecessary.

indispensable under Rule 19, and the potential for prejudice is low if the nondiverse defendants are severed. *See Cooke-Bates*, Dkt. #28, pp.7-8; *Joseph,* 614 F.Supp. 2d at 872-73.

This court is persuaded by the reasoning in *Robinson* and *Ash* that the claims against OMNI should not be severed. *See Robinson*, 2010 WL 816818; *Ash*, 2009 WL 424586. For ease of analysis this court assumes – without deciding – that OMNI is not necessary or indispensible under Rule 19, and is not essential to a "just and meaningful adjudication" under *Jett*. Even if that assumption is made, this court concludes that severance is inappropriate. The court reaches that conclusion after "carefully considering" the potential prejudice to all parties from severance (see *Newman-Green,* 490 U.S. at 838), and the implications of Federal Rule of Civil Procedure 82.

The Supreme Court has directed courts facing Rule 21 severance questions to "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Newman-Green*, 490 U.S. at 838. The Court has also ordered district courts to use this authority "sparingly." *Id.* If OMNI were severed, Echols would be forced to litigate his case in two separate fora and fight on two fronts. Moreover, in separate actions, both Bayer and OMNI could exploit an "empty chair" defense not available in a joint trial. Although it is possible that each jury could find the defendants jointly and severally liable, it is also possible that a jury could find in favor of each in-court defendant based on "empty chair" arguments, thus exposing Echols to a risk of inconsistent judgments. Bayer does not face significant prejudice if OMNI is not severed, because although Bayer is involved in Multi District Litigation regarding its drug Yasmin, it must defend Echols' suit in only one court. Moreover the court is informed that the Plaintiffs' Steering Committee in the MDL proceeding has established a mechanism for sharing discovery with parties involved in related state litigation.

In reaching the conclusion that severance is inappropriate in this case, the court notes the limitations imposed by Fed. R. Civ. P. 82, which states that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts."   So long as all incompletely diverse defendants remain joined this court has no diversity jurisdiction. The court could create diversity jurisdiction only by using Rule 21 to sever the claims against OMNI,[4] but concludes that severance in this case would constitute an impermissible use of the federal rules to extend federal diversity jurisdiction under Rule 82. *See Jamison v. Purdue Pharma. Co.*, 251 F.Supp. 2d 1315, 1321 (S.D. Miss. 2003) ("[A] district court may run afoul of Rule 82 when it uses a federal rule to sever the claims in a removed case, if those claims were *properly joined under state law when the suit was originally filed*.  Such a reshaping of the action by the district court creates jurisdiction where it did not previously exist.") (emphasis in original).  For the forgoing reasons, this court declines to sever the claims against OMNI.

### III.  REMAND

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).  In this case, it is undisputed that OMNI is a citizen of Oklahoma and is not diverse from Echols. (Dkt. #23).  Because the court declines to sever claims against OMNI, OMNI's presence in this suit destroys complete diversity. Therefore the plaintiff's Motion to Remand (Dkt. #23) is GRANTED.  For the reasons stated in

---

[4] Rule 21 may properly be used, for example, to sever claims against a misjoined or fraudulently joined defendant, but it should not be used purely to "extend or limit the jurisdiction of the [federal] district courts."

footnote 3, Bayer's Motion for Leave to File Supplemental Brief in Opposition to Plaintiff's Motion

to Remand (Dkt. #29) is DENIED.

**IT IS SO ORDERED** this 10th day of November 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

7